■ MARIA ALMA, Appellant, v OSCAR SAMEDY et al., Respondents. [805 NYS2d 417]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated September 3, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The defendants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see *Toure v Avis Rent A Car Sys.*, 98

NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The defendants' orthopedist, who examined the plaintiff one year after the accident, reported, inter alia, finding restrictions in the range of motion of the plaintiff's left shoulder. These restrictions were consistent with the magnetic resonance imaging report of a left shoulder impingement, and the plaintiff's deposition testimony concerning her inability to fully use her left shoulder and arm as before. Furthermore, the defendants' experts failed to address the plaintiff's claim that she suffered a medically-determined injury which prevented her from performing substantially all of the material acts constituting her usual and customary daily activities for not less than 90 days of the 180 days immediately following the accident. In light of the defendants' failure to meet their initial burden of establishing entitlement to judgment as a matter of law, we need not consider whether the plaintiff's papers submitted in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Hanna v Alverado*, 16 AD3d 624 [2005]; *Spuhler v Khan*, 14 AD3d 693, 694 [2005]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]; *Chaplin v Taylor*, 273 AD2d 188 [2000]; *Mariaca-Olmos v Mizrhy*, 226 AD2d 437, 438 [1996]).

Accordingly, the Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. H. Miller, J.P., Crane, Krausman, Rivera and Lifson, JJ., concur.