■ IRENE KOUROS et al., Respondents, v JOSE MENDEZ et al., Appellants. [838 NYS2d 669]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (McMahon, J.), dated February 10, 2006, which granted the plaintiffs' motion for summary judgment on the issue of liability and denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Kelly Kouros and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

As the motor vehicle of the plaintiff Irene Kouros was stopped at a red light at the intersection of South Avenue and Chelsea Road in Staten Island, it was struck by a bus turning left onto South Avenue. The bus was operated by the defendant Jose Mendez and owned by the defendant New York City Transit Authority. Following the accident, the New York City Transit Authority Safety and Training Division conducted an investigation and concluded that the accident, which resulted from the bus operator cutting the turn too short, was preventable. Thereafter, Irene Kouros and her daughter, the plaintiff Kelly Kouros (hereinafter Kelly), a passenger in the car at the time of the accident, commenced this action to recover damages for personal injuries. The plaintiffs subsequently moved for summary judgment on the issue of liability and the defendants moved for summary judgment dismissing the complaint. The plaintiffs demonstrated their entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, Mendez's deposition testimony that he did not see the plaintiffs' car at any time prior to the impact (see Eichenwald v Chaudhry, 17 AD3d 403 [2005]). In opposition, the defendants failed to raise a triable issue of fact (see CPLR 3212 [b]). Accordingly, the Supreme Court properly granted summary judgment to the plaintiffs on the issue of liability.

The defendants failed to make a prima facie showing that the plaintiff Irene Kouros did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). "Where a defendant

does not meet this initial burden, the court 'need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact' " (*Sayers v Hot,* 23 AD3d 453, 454 [2005]; *see Alma v Samedy,* 24 AD3d 398 [2005]; *see also Bebry v Farkas-Galindez,* 276 AD2d 656 [2000]).

However, the evidence submitted by the defendants, including the affirmed medical reports of Lawrence E. Miller, an orthopedic surgeon, and Michael J. Carciente, a neurologist, and Kelly's deposition testimony admitting that she missed only two days of school and two weeks of work as a result of the accident, established a prima facie case that Kelly did not sustain a serious injury as a result of the accident (*see Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *Letellier v Walker,* 222 AD2d 658 [1995]). The medical evidence submitted by Kelly in opposition to the motion failed to raise a triable issue of fact. Although the affirmations of Kelly's medical experts specified the range of motion which they "found in [her] cervical spine, [they] failed to compare those findings to the normal range of motion, thereby leaving the court to speculate as to the meaning of those figures" (*Manceri v Bowe,* 19 AD3d 462, 463 [2005]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Kelly Kouros. Miller, J.P., Ritter, Santucci and Florio, JJ., concur.