■ DANIEL BOZZA, Appellant, v DONNA O'NEILL et al., Respondents. [842 NYS2d 88]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Weber, J.), dated March 8, 2006, which granted the

motion of the defendants Donna O'Neill and Michael V. O'Neill, and the separate motion of the defendant HVT, Inc., for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as academic, his motion for summary judgment on the issue of liability, and (2), as limited by his brief, from so much of an order of the same court dated April 17, 2006, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 8, 2006 is dismissed, as that order was superseded by the order dated April 17, 2006, made upon reargument; and it is further,

Ordered that the order dated April 17, 2006 is modified, on the law, by (1) deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order dated March 8, 2006, as granted the motion of the defendants Donna O'Neill and Michael V. O'Neill and the separate motion of the defendant HVT, Inc., for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision, upon reargument, vacating that portion of the order dated March 8, 2006, which granted the motions for summary judgment and thereupon, denying those motions, and (2) deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order dated March 8, 2006, as denied, as academic, the plaintiff's motion for summary judgment on the issue of liability, and substituting therefor a provision, upon reargument, vacating that portion of the order dated March 8, 2006, which denied, as academic, the plaintiff's motion for summary judgment on the issue of liability and, thereupon, denying that motion; as so modified, the order dated April 17, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In support of his motion for summary judgment, the plaintiff submitted evidence establishing that the accident occurred after the defendant Michael V. O'Neill (hereinafter O'Neill) proceeded through a stop sign without first bringing his motor vehicle to a stop, in violation of Vehicle and Traffic Law § 1172 (a) (*see Gonzalez v Schupak*, 19 AD3d 367 [2005]). In opposition, the defendants submitted a police report of the accident indicating that O'Neill failed to stop due to ice (*see* CPLR 3212 [b]). The defendants attempted to invoke the emergency doctrine, by asserting that O'Neill skidded on ice and the accident was unavoidable.

In support of their respective motions for summary judgment,

the defendants asserted that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). However, the defendants' proof in their respective motions never addressed the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for not less than 90 days during the 180 days immediately following the accident. The subject accident occurred on January 30, 2003. At his deposition on June 8, 2004 the plaintiff testified that he did not return to his job as director of nutrition at Brunswick Hospital following the accident and that his job was, in fact, terminated six months after the accident, when he was unable to provide his employer with a return date. The defendants' medical expert did not relate his findings to this category of serious injury for the period of time immediately following the accident (*see Sayers v Hot*, 23 AD3d 453 [2005]). The defendants were not able to offer sufficient evidence to establish that the plaintiff's injuries either were solely attributable to a degenerative condition or were caused by a subsequent accident. Where, as here, a defendant does not meet this initial burden, the court "need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact" (*Jones v Jacob*, 1 AD3d 485, 486 [2003]). Accordingly, the defendants were not entitled to summary judgment dismissing the complaint.

The plaintiff's proof was insufficient to establish as a matter of law that the accident was caused through the unexcused negligent actions of the defendants (*see Canh Du v Hamell*, 19 AD3d 1000 [2005]). The plaintiff also failed to establish as a matter of law that his injuries were caused by the accident. Accordingly, the plaintiff was not entitled to summary judgment on the issue of liability. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.