■ SHENER GREENIDGE, Appellant, v RIGHTON LIMO, INC., Respondent. [841 NYS2d 791]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patterson, J.), dated July 6, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendant failed to meet its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendant failed to adequately address the plaintiff's claim, clearly set forth in her

bill of particulars, that, as a result of the subject accident, she was unable to perform substantially all of the material acts which constituted her usual and customary daily activities for a period of 90 days during the 180 days immediately following the subject accident (*see Kouros v Mendez*, 41 AD3d 786 [2007]; *DeVille v Barry*, 41 AD3d 763 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]). The accident here occurred on February 7, 2004. The plaintiff testified that as a result of the subject accident she was out of work for 3½ months, which the defendant's examining neurologist noted in his report. The defendant's examining neurologist did not examine the plaintiff until almost two years after the accident, and did not relate his medical findings to this category of serious injury for the period of time immediately following the accident.

Since the defendant failed to establish its prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Kouros v Mendez*, 41 AD3d 786 [2007]; *DeVille v Barry*, 41 AD3d 763 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.