■ WILLIAM DADDIO et al., Appellants, v SUSAN I. SHAPIRO, Respondent. [844 NYS2d 76]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond

County (Maltese, J.), dated March 28, 2006, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff William Daddio did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The Supreme Court erred in concluding that the defendant established her prima facie entitlement to judgment as a matter of law. The defendant's submissions in support of her motion for summary judgment failed to establish that the plaintiff William Daddio (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendant's papers failed to address the plaintiffs' allegation, clearly set forth in their bill of particulars, that the injured plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The accident occurred on October 12, 2000. The injured plaintiff testified that as a result of the accident he missed 4½ to 5 months of work immediately following the accident. The defendant relied on, inter alia, the affirmed medical report of an orthopedic surgeon who examined the injured plaintiff on September 3, 2004. The orthopedic surgeon, who conducted his examination of the injured plaintiff almost four years after the accident occurred, did not relate any of his findings to this category of serious injury for the period of time immediately following the accident. As such, the defendant failed to meet her prima facie burden (see Kouros v Mendez, 41 AD3d 786 [2007]; DeVille v Barry, 41 AD3d 763 [2007]; Torres v Performance Auto. Group, Inc., 36 AD3d 894 [2007]; see also Sayers v Hot, 23 AD3d 453, 454 [2005]).

Since the defendant failed to meet her prima facie burden, it is unnecessary to address the question of whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Kouros v Mendez, 41 AD3d 786 [2007]; DeVille v Barry, 41 AD3d 763 [2007]; Torres v Performance Auto. Group, Inc., 36 AD3d 894 [2007]; see also Sayers v Hot, 23 AD3d 453, 454 [2005]; Coscia v 938 Trading Corp., 283 AD2d 538 [2001]). Schmidt, J.P., Spolzino, Skelos, Lifson and McCarthy, JJ., concur.