■ MARILYN SCINTO, Appellant, v ALBERT HOYTE et al., Respondents. [870 NYS2d 61]

The defendants did not meet their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 352 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The plaintiff alleged in her bill of particulars that she had a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts constituting her usual and customary activities for not less than 90 days during the 180 days immediately following the accident (hereinafter the 90/180 category). The affirmed report of the defendants' examining orthopedist did not specifically relate any of his findings to this category of serious injury for the relevant period of time following the accident (*see Daddio v Shapiro,* 44 AD3d 699, 700 [2007]). The plaintiff's deposition testimony, which was also annexed to the defendants' summary judgment motion, was insufficient to establish the defendants' burden of proof that the plaintiff had no injury in the 90/180 category (*see Greenidge v Righton Limo, Inc.,* 43 AD3d 1109, 1110 [2007]; *Torres v Performance Auto. Group, Inc.,* 36 AD3d 894, 895 [2007]; *Sayers v Hot,* 23 AD3d 453, 454 [2005]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider the question of whether the papers submitted by the plaintiff were sufficient to raise a triable issue of fact (*see McKenzie v Redl,* 47 AD3d 775, 777 [2008]; *Sayers v Hot,* 23 AD3d at 454). Skelos, J.P., Ritter, Dillon, Carni and Leventhal, JJ., concur.