■ HAROLD MILLER, Appellant, v MAMADOU BAH, Respondent. [872 NYS2d 173]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated December 13, 2007, as granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Yung v Eager*, 51 AD3d 638 [2008]; *cf. Gaddy v Eyler*, 79 NY2d 955, 958 [1992]). In his verified bill of particulars, the plaintiff claimed that, as a result of the accident, he "was incapacitated from his employment from June 28, 2004 through October 4, 2004 and intermittently thereafter." Nevertheless, the defendant failed to offer evidence sufficient to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) by reason of a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The defendant's neurologist

and orthopedic surgeon conducted examinations of the plaintiff on January 2, 2007, nearly 2½ years after the accident. However, neither expert related his findings to the claim that the plaintiff was out of work for more than 90 days immediately following accident (*see Alexandre v Dweck*, 44 AD3d 597 [2007]; *Bozza v O'Neill*, 43 AD3d 1094, 1096 [2007]). Inasmuch as the defendant did not meet his prima facie burden, this Court need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Alexandre v Dweck*, 44 AD3d at 597; *Bozza v O'Neill*, 43 AD3d at 1096). Fisher, J.P., Covello, Balkin and Belen, JJ., concur.