■ CATHERINE NEUBURGER et al., Appellants, v IGOR SIDORUK et al., Respondents. [875 NYS2d 144]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated September 26, 2007, as, upon reargument, adhered to its original determination in an order dated February 20, 2007, granting those branches of the separate motions of the defendants Igor Sidoruk and Grazyna Sidoruk, the defendants Adam Kugler and Lauran Kugler, and the defendants Peter Nguyen and Huy Nguyen, which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Catherine Neuburger did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied that branch of their motion which was for leave to renew.

Ordered that the appeal from so much of the order dated September 26, 2007, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic, in light of our determination on the appeal from so much of the order as was made upon reargument; and it is further,

Ordered that the order dated September 26, 2007, is reversed insofar as reviewed, upon reargument, the order dated February 20, 2007, is vacated, and thereupon, those branches of the separate motions of the defendants Igor Sidoruk and Grazna Sidoruk, the defendants Adam Kugler and Lauran Kugler, and the defendants Peter Nguyen and Huy Nguyen, which were for summary judgment dismissing the complaint insofar as asserted against them are denied; and it is further,

Ordered that one bill of costs are awarded to the plaintiffs.

As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so (see *Rubeo v National Grange Mut. Ins. Co.,* 93 NY2d 750 [1999]; *Bray v Cox,* 38 NY2d 350 [1976]). Here, the plaintiffs appealed from the order dated February 20, 2007, which granted those branches of the separate motions of the defendants Igor Sidoruk and Grazyna Sidoruk, the defendants Adam Kugler and Lauran Kugler, and the defendants Peter Nguyen and Huy Nguyen which were for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Catherine Neuburger did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). In the order appealed from dated September 26, 2007, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion which was for

leave to reargue and, upon reargument, adhered to the original determination. Meanwhile, the earlier appeal was dismissed by decision and order on motion of this Court dated March 4, 2008, for failure to perfect in accordance with the rules of this Court (*see* 22 NYCRR 670.8 [h]). While the better practice would have been for the plaintiffs to withdraw the prior appeal, rather than abandon it, nonetheless, we exercise our discretion to review the issues raised on the appeal from so much of the order dated September 26, 2007, as was made upon reargument (*see DiGiaro v Agrawal,* 41 AD3d 764 [2007]; *Cesar v Highland Care Ctr., Inc.,* 37 AD3d 393 [2007]).

On reargument, the Supreme Court should not have adhered to its original determination awarding the defendants summary judgment. The defendants failed to meet their prima facie burdens of showing that the plaintiff Catherine Neuburger did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accidents (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The bills of particulars served on the defendants all alleged that the injured plaintiff had sustained a medically determined injury of a nonpermanent nature which prevented her from performing substantially all of the material acts constituting her usual and customary activities for not less then 90 days during the 180 days immediately following the accident (hereinafter the 90/180 day category). The defendants' examining orthopedist and neurologist conducted separate examinations of the injured plaintiff over three years after the subject accidents. Those experts noted in their respective reports that the injured plaintiff missed 18 months of work as a result of the injuries sustained in the subject accidents. Neither physician related his medical findings to the 90/180 day category of serious injury. Thus, the defendants failed to make a prima showing that the injured plaintiff had no injury in the 90/180 category (*see Shaw v Jalloh,* 57 AD3d 647 [2008]; *Scinto v Hoyte,* 57 AD3d 646 [2008]; *Ali v Rivera,* 52 AD3d 445 [2008]; *Yung v Eager,* 51 AD3d 638 [2008]; *Tinsley v Bah,* 50 AD3d 1019 [2008]).

Since the defendants failed to satisfy their prima facie burdens, it is unnecessary to consider whether the papers submitted by the plaintiffs were sufficient to raise a triable issue of fact (*see Shaw v Jalloh,* 57 AD3d 647 [2008]; *Scinto v Hoyte,* 57 AD3d 646 [2008]; *Ali v Rivera,* 52 AD3d 445, 446 [2008]).

In light of the foregoing, the plaintiffs' contentions regarding the denial of that branch of their motion which was for leave to

renew has been rendered academic. Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.