■ MOHAMMED HOSSAIN, Respondent, v BAZVINDER SINGH et al., Appellants. [882 NYS2d 137]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Nelson, J.), dated September 29, 2008, as denied that branch of their motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendants did not meet their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). The plaintiff clearly alleged in his bill of particulars that he sustained, inter alia, a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts constituting his usual and customary activities for not less than 90 days during the 180 days immediately following the accident. Further, not only did the plaintiff testify at his deposition that he had missed three months from work immediately following the accident, he also informed the defendants' examining physicians that he had missed three months of work. However, the affirmed reports of the defendants' examining physicians did not specifically relate

any of their findings to this category of serious injury for the relevant time period following the accident, and the defendants did not submit any other evidence to refute the plaintiff's claim (*see Neuburger v Sidoruk*, 60 AD3d 650 [2009]; *Miller v Bah*, 58 AD3d 815 [2009]; *Scinto v Hoyte*, 57 AD3d 646 [2008]). Since the defendants failed to meet their prima facie burden with respect to the 90/180 day category of a serious injury, it is unnecessary to examine the sufficiency of the plaintiff's opposition papers in this regard (*see Neuburger v Sidoruk*, 60 AD3d 650 [2009]; *Miller v Bah*, 58 AD3d 815 [2009]; *Scinto v Hoyte*, 57 AD3d 646 [2008]). Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur.