■ KAZI MOHAMMED ISMAIL, Appellant, v MANUEL TEJEDA et al., Respondents. [882 NYS2d 915]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated August 8, 2008, which granted the

defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants did not meet their prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 352 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). The plaintiff clearly alleged in his bill of particulars that he had sustained, inter alia, a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts constituting his usual and customary activities for not less than 90 days during the 180 days immediately following the accident. However, the affirmed report of the defendants' examining physician did not specifically relate any of his findings to the 90/180-day category of serious injury for the relevant time period following the accident, and the defendants did not submit any other evidence to refute the plaintiff's claim (*see Neuburger v Sidoruk*, 60 AD3d 650 [2009]; *Miller v Bah*, 58 AD3d 815 [2009]; *Scinto v Hoyte*, 57 AD3d 646 [2008]). Since the defendants failed to meet their prima facie burden with respect to the 90/180-day category of a serious injury, it is unnecessary to examine the sufficiency of the plaintiff's opposition papers in this regard (*see Neuburger v Sidoruk*, 60 AD3d at 652; *Miller v Bah*, 58 AD3d at 816; *Scinto v Hoyte*, 57 AD3d at 647).

In light of the foregoing, the defendants' remaining contention has been rendered academic (*see* Insurance Law § 5102 [d]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.