■ MELANIE M. MARMER, Respondent, v IF USA EXPRESS, INC., et al., Appellants. [899 NYS2d 884]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated December 4, 2009, as denied that branch of their motion which

was for summary judgment dismissing so much of the complaint as was predicated on allegations that the plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the subject motor vehicle accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants did not meet their prima facie burden of showing that the plaintiff did not sustain a serious injury as a result of the subject accident. Specifically, the defendants failed to show that the plaintiff did not sustain a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for a period of not less than 90 days during the 180-day period immediately following the subject motor vehicle accident, as articulated in Insurance Law § 5102 (d) (hereinafter the 90/180-day category) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In the plaintiff's bill of particulars, she clearly set forth that, as a result of the subject motor vehicle accident, she sustained, inter alia, a serious injury under the 90/180-day category of Insurance Law § 5102 (d). The affirmed reports of the defendants' examining physicians did not specifically relate any of their findings to this 90/180-day category of serious injury (*see Negassi v Royle*, 65 AD3d 1311 [2009]; *Ismail v Tejeda*, 65 AD3d 518 [2009]; *Neuburger v Sidoruk*, 60 AD3d 650 [2009]; *Miller v Bah*, 58 AD3d 815 [2009]; *Scinto v Hoyte*, 57 AD3d 646 [2008]). Further, the unsigned deposition transcript of the plaintiff, which the defendants submitted in support of their motion, did not constitute admissible evidence in light of the defendants' failure to demonstrate that the transcript was forwarded to the plaintiff for her review pursuant to CPLR 3116 (a) (*see Martinez v 123-16 Liberty Ave. Realty Corp.*, 47 AD3d 901 [2008]; *McDonald v Mauss*, 38 AD3d 727 [2007]; *Pina v Flik Intl. Corp.*, 25 AD3d 772 [2006]; *Santos v Intown Assoc.*, 17 AD3d 564 [2005]). Since the defendants failed to meet their prima facie burden, we need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Negassi v Royle*, 65 AD3d 1311 [2009]; *Ismail v Tejeda*, 65 AD3d 518 [2009]; *Neuburger v Sidoruk*, 60 AD3d 650 [2009]; *Miller v Bah*, 58 AD3d 815 [2009]). Mastro, J.P., Santucci, Dickerson, Belen and Austin, JJ., concur.