*959 In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from (1) a judgment of the Supreme Court, Nassau County (Mahon, J.), entered June 25, 2009, which, upon an order of the same court entered April 2, 2009, inter alia, granting that branch of the cross motion of the defendant Mark Perelman which was for summary judgment dismissing the complaint insofar as asserted against him, is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant, (2) a judgment of the same court entered April 20, 2009, which, upon so much of the order entered April 2, 2009, as granted that branch of the motion of the defendant Long Beach Medical Center which was for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant, and (3) a judgment of the same court entered May 7, 2009, which, upon so much of the order entered April 2, 2009, as granted the separate motion of the defendant Long Beach Memorial Nursing Home, Inc., doing business as Komanoff Center for Geriatric and Rehabilitative Medicine, for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against them dismissing the complaint insofar as asserted against that defendant.
Ordered that the appeal from the judgment entered May 7, 2009, is dismissed as abandoned; and it is further,
Ordered that the judgments entered April 20, 2009, and June 25, 2009, are reversed, on the law, those branches of the cross motion of the defendant Mark Perelman and the motion of the defendant Long Beach Medical Center which were for summary judgment dismissing the first cause of action to recover damages for conscious pain and suffering insofar as asserted against each of those defendants are denied, that cause of action is reinstated insofar as asserted against those defendants, and the order entered April 2, 2009, is modified accordingly; and it is further,
Ordered that one bill of costs is awarded to the defendant Long Beach Memorial Nursing Home, Inc., doing business as Komanoff Center for Geriatric and Rehabilitative Medicine, payable by the plaintiffs, and one bill of costs is awarded to the *960 plaintiff, payable by the defendants Mark Perelman and Long Beach Medical Center.
The Supreme Court properly granted those branches of the motion of the defendant Long Beach Medical Center and the cross motion of the defendant Mark Perelman (hereinafter together the defendants) which were for summary judgment dismissing the wrongful death cause of action insofar as asserted against them. The defendants established their prima facie entitlement to judgment as a matter of law dismissing that cause of action insofar as asserted against them (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). In opposition, the plaintiffs failed to raise a triable issue of fact. Specifically, the plaintiffs failed to raise any triable issue of fact as to whether the defendants’ alleged departures from good and accepted medical practice were the proximate cause of the plaintiffs’ decedent’s death (see Mazzone v Lazaroff, 305 AD2d 558, 559 [2003]; see also Dubi v Jericho Fire Dist., 22 AD3d 631, 632 [2005]).
Conversely, the Supreme Court erred in granting those branches of the motion and cross motion which were for summary judgment dismissing the cause of action to recover damages for conscious pain and suffering insofar as asserted against them. Contrary to the Supreme Court’s determination, the defendants failed to meet their initial burden of establishing their entitlement to judgment as a matter of law in connection with this cause of action (see Alvarez v Prospect Hosp., 68 NY2d at 324). In their motion and cross motion, the defendants relied largely on their claim that the decedent did not have skin ulcers on his heels at the time he was discharged from their care. However, their submissions were insufficient to eliminate all triable issues of fact as to how this could have been possible, since it is undisputed that the decedent had stage II skin ulcers on his heels upon his first examination following admission to the defendant Long Beach Memorial Nursing Home, Inc., doing business as Komanoff Center for Geriatric and Rehabilitative Medicine (hereinafter the Nursing Home), mere minutes after the decedent was discharged from the defendant Long Beach Medical Center and mere hours after his last recorded examination there. Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law in connection with this cause of action, we need not consider whether the plaintiffs’ opposition papers were sufficient to raise a triable issue of fact (see Marmer v IF USA Express, Inc., 73 AD3d 868 [2010]; Negassi v Royle, 65 AD3d 1311 [2009]; Ismail v Tejeda, 65 AD3d 518 [2009]).
*961 Since the plaintiffs raise no argument in their brief with respect to their appeal from the judgment entered May 7, 2009, which dismissed the complaint insofar as asserted against the Nursing Home, the appeal from that judgment must be dismissed as abandoned (see Chu v Pan, 72 AD3d 866, 868 [2010]; Matter of Level 3 Communications, LLC v DeBellis, 72 AD3d 164, 177 [2010]). Skelos, J.E, Santucci, Dickerson and Leventhal, JJ., concur.