# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1146

CA 12-00302

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND VALENTINO, JJ.

---

BRIAN W. HINT, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ALFRED L. VAUGHN AND MELANIE P. HEMENWAY,
DEFENDANTS-APPELLANTS.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

WILLIAM MATTAR, P.C., WILLIAMSVILLE (APRIL J. ORLOWSKI OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Wyoming County
(Michael F. Griffith, A.J.), entered October 26, 2011 in a personal
injury action. The order denied the motion of defendants for summary
judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion in part and
dismissing the complaint, as amplified by the bill of particulars,
with respect to the permanent loss of use category of serious injury
within the meaning of Insurance Law § 5102 (d) and as modified the
order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for
injuries he allegedly sustained in a motor vehicle accident when the
vehicle he was driving was struck by a vehicle operated by defendant
Alfred L. Vaughn and owned by defendant Melanie P. Hemenway.
Defendants thereafter moved for summary judgment dismissing the
complaint on the ground that plaintiff did not sustain a serious
injury in the accident within the meaning of Insurance Law § 5102 (d),
and Supreme Court denied the motion in its entirety. We agree with
defendants that they established as a matter of law that plaintiff did
not sustain a serious injury under the permanent loss of use category,
i.e., he did not sustain a "total loss of use" of a body organ,
member, function or system (*Oberly v Bangs Ambulance*, 96 NY2d 295,
297), and we therefore modify the order accordingly. We further
conclude, however, that the court properly denied defendants' motion
with respect to the remaining categories of serious injury allegedly
sustained by plaintiff. Although defendants met their initial burden
of proof with respect to the permanent consequential limitation of use
and significant limitation of use categories of serious injury (*see
Roll v Gavitt*, 77 AD3d 1412, 1412), plaintiff raised triable issues of

fact in opposition to the motion by submitting an affirmation from his treating physician and an affidavit from his treating chiropractor, both of which contain the requisite objective medical findings (*see generally Toure v Avis Rent A Car Sys*., 98 NY2d 345, 350-351; *Chmiel v Figueroa*, 53 AD3d 1092, 1093).  We further conclude that defendants failed to meet their initial burden of proof with respect to the 90/180-day category of serious injury inasmuch as the affirmed report of their examining neurologist did not specifically relate any of the neurologist's findings to that category for the relevant period of time (*see Scinto v Hoyte*, 57 AD3d 646, 647; *Daddio v Shapiro*, 44 AD3d 699, 700).  Plaintiff's deposition testimony, which defendants also submitted in support of their motion, was insufficient to establish that plaintiff had no injury in the 90/180-day category (*see Scinto*, 57 AD3d at 647; *Greenidge v Righton Limo, Inc*., 43 AD3d 1109, 1109-1110).

Entered:  November 16, 2012                    Frances E. Cafarell
                                               Clerk of the Court