# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

17

CA 14-01344

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

EDWARD GAWRON, PLAINTIFF,
AND JOANNE GAWRON, PLAINTIFF-RESPONDENT,

V                                                MEMORANDUM AND ORDER

TOWN OF CHEEKTOWAGA AND DAVID J. GRZYBEK,
DEFENDANTS-APPELLANTS.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MARTHA E. DONOVAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

LAW OFFICE OF MICHAEL D. HOLLENBECK, BUFFALO (MICHAEL D. HOLLENBECK OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 15, 2013 in a personal injury action. The order denied defendants' motion seeking summary judgment dismissing the complaint with respect to plaintiff Joanne Gawron.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries they sustained when their vehicle was struck by a snowplow owned by defendant Town of Cheektowaga and operated by its employee, defendant David J. Grzybek. Supreme Court properly denied defendants' motion seeking summary judgment dismissing the complaint with respect to Joanne Gawron (plaintiff) on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendants failed to make "a prima facie showing that plaintiff's alleged injuries did not satisfy [the] serious injury threshold" under the three categories alleged by plaintiff (*Pommells v Perez*, 4 NY3d 566, 574; *see Greenidge v Righton Limo, Inc.*, 43 AD3d 1109, 1109), and we therefore do not consider plaintiff's submissions in opposition to the motion (*see Greenidge*, 43 AD3d at 1110). With respect to the categories of permanent consequential limitation of use and significant limitation of use, defendants' own submissions raise triable issues of fact whether plaintiff's alleged limitations are " 'significant' or 'consequential' (i.e., important . . . )" within the meaning of the statute (*Dufel v Green*, 84 NY2d 795, 798; *see Matte v Hall*, 20 AD3d 898, 899). Defendants' own submissions also raise triable issues of fact whether plaintiff's injuries were preexisting and unrelated to the accident (*cf. Franchini v Palmieri*, 307 AD2d 1056, 1056-1057, *affd* 1 NY3d 536). In addition, defendants failed to

meet their burden of establishing that plaintiff did not sustain a serious injury under the third category alleged by plaintiff, i.e., the 90/180-day category (*see Greenidge*, 43 AD3d at 1109-1110).

Entered:  February 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court