McIntyre v Salluzzo (2018 NY Slip Op 02065)





McIntyre v Salluzzo


2018 NY Slip Op 02065


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.


258 CA 17-01750

[*1]MARIE L. MCINTYRE, PLAINTIFF-RESPONDENT,
v
RICHARD F. SALLUZZO, DEFENDANT-APPELLANT. 






LAW OFFICES OF THERESA J. PULEO, SYRACUSE (LEIGH A. LIEBERMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
LAW OFFICES OF WILLIAM M. BORRILL, NEW HARTFORD (KATHRYN F. HARTNETT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered November 29, 2016. The order denied in part defendant's motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion with respect to the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d) and dismissing the complaint to that extent, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle she was driving was rear-ended by a vehicle driven by defendant. Defendant moved for summary judgment dismissing the complaint, asserting, inter alia, that plaintiff did not sustain a serious injury within the meaning of the three categories alleged by her (see Insurance Law § 5102 [d]). Supreme Court granted defendant's motion only with respect to plaintiff's claim for economic loss in excess of basic economic loss, and defendant appeals.
We agree with defendant that the court erred in denying that part of his motion with respect to the 90/180-day category, and we therefore modify the order accordingly. Defendant met his initial burden on the motion with respect to that category by submitting plaintiff's deposition and employment records, which indicated no difficulties with eating, dressing, or bathing, and established that plaintiff returned to work shortly after the accident and was working full-time with no restrictions approximately 30 days after the accident (see Robinson v Polasky, 32 AD3d 1215, 1216 [4th Dept 2006]). Plaintiff failed to raise a triable issue of fact with respect to that category (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), inasmuch as the limitations upon which plaintiff relied, e.g., inability to ride a golf cart or to garden, do not establish that she was limited in "substantially all" of her daily activities (Insurance Law § 5102 [d]; see generally Licari v Elliott, 57 NY2d 230, 236 [1982]).
We further conclude, however, that the court properly denied defendant's motion with respect to the remaining two categories of serious injury alleged by plaintiff, i.e., the permanent consequential limitation of use and significant limitation of use categories. Although the physician who examined plaintiff on behalf of defendant indicated range of motion limitations of approximately 16% or less, which could be considered insignificant or inconsequential (see e.g. Waldman v Dong Kook Chang, 175 AD2d 204, 204 [2d Dept 1991]), he failed to explain the basis for his calculations, such as the basis for his opinion as to what constitutes a "normal" cervical range of motion. Thus, his conclusions were speculative and insufficient to meet defendant's burden of establishing that plaintiff's limitations were inconsequential or insignificant (see id.). Even assuming, arguendo, that defendant met his burden with respect to permanency, we conclude that plaintiff raised an issue of fact by the affirmation of her treating physician, who stated that her injuries had entered a chronic state (see Cook v Peterson, 137 [*2]AD3d 1594, 1596 [4th Dept 2016]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court