Monterro v Klein (2018 NY Slip Op 03002)





Monterro v Klein


2018 NY Slip Op 03002


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.


491 CA 17-02051

[*1]KYLE MONTERRO, PLAINTIFF-RESPONDENT,
v
KIRK K. KLEIN AND ERIE COUNTY WATER AUTHORITY, DEFENDANTS-APPELLANTS. 






GOLDBERG SEGALLA LLP, BUFFALO (MEGHAN M. BROWN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
RAMOS & RAMOS, BUFFALO (JOSHUA I. RAMOS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (James H. Dillon, J.), entered March 27, 2017. The order granted that part of the motion of defendants for summary judgment with respect to the 90/180-day category of serious injury and denied the cross motion of plaintiff for partial summary judgment on the issues of negligence and serious injury. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that he sustained when the vehicle that he was operating collided with a vehicle operated by defendant Kirk K. Klein and owned by defendant Erie County Water Authority, Klein's employer. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under the categories alleged by him, i.e., the permanent consequential and significant limitation of use categories, and the 90/180-day category (see Insurance Law § 5102 [d]). Plaintiff cross-moved for summary judgment on the issues of negligence and serious injury. Supreme Court denied plaintiff's cross motion and granted that part of defendants' motion with respect to the 90/180-day category. Defendants appeal, and we affirm.
Contrary to defendants' contention, the court properly denied those parts of their motion with respect to the remaining two categories of serious injury inasmuch as they failed to make " a prima facie showing that plaintiff's alleged injuries did not satisfy [the] serious injury threshold' . . . , and we therefore do not consider plaintiff's submissions in opposition to the motion" (Gawron v Town of Cheektowaga, 125 AD3d 1467, 1468 [4th Dept 2015]). Indeed, we conclude that defendants' own submissions raise triable issues of fact whether plaintiff's alleged limitations and injuries are "significant" or "consequential," and "preexisting and unrelated to the accident" (id. [internal quotation marks omitted]). Notably, while the physician who examined plaintiff on behalf of defendants set forth range of motion limitations and considered those findings to be insignificant, "he failed to explain the basis for his calculations, such as the basis for his opinion as to what constitutes a normal' cervical range of motion" (McIntyre v Salluzzo, — AD3d &mdash, &mdash, 2018 NY Slip Op 02065, *1 [4th Dept 2018]).
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court