Mutombo v Certified Document Destruction & Recycling, Inc. (2021 NY Slip Op 02704)





Mutombo v Certified Document Destruction & Recycling, Inc.


2021 NY Slip Op 02704


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1253 CA 20-00438

[*1]SHAFI MUTOMBO, PLAINTIFF-RESPONDENT,
v
CERTIFIED DOCUMENT DESTRUCTION & RECYCLING, INC., AND JAMIE L. O'CONNOR, DEFENDANTS-APPELLANTS. 






SMITH SOVIK KENDRICK & SUGNET, P.C., SYRACUSE (THOMAS J. DEBERNARDIS OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
CELLINO & BARNES, P.C., BUFFALO (MARTHA PIGOTT OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (James J. Piampiano, J.), entered March 2, 2020. The order denied defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when the vehicle he was operating was struck by a vehicle operated by defendant Jamie L. O'Connor and owned by defendant Certified Document Destruction & Recycling, Inc. In the complaint, as amplified by the bill of particulars, plaintiff alleged that, as a result of the collision, he suffered a serious injury within the meaning of Insurance Law § 5102 (d) under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of section 5102 (d) that was causally related to the accident. Supreme Court denied the motion, and defendants appeal. We affirm.
We reject defendants' contention that they met their initial burden of establishing that plaintiff did not sustain a serious injury that was causally related to the subject accident. As the proponents of the motion for summary judgment "dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), . . . defendant[s] bear[] the initial burden of establishing by competent medical evidence that . . . plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]; see Woodward v Ciamaricone, 175 AD3d 942, 943 [4th Dept 2019]). Here, defendants submitted an affidavit of their expert radiologist, who reviewed an MRI of plaintiff's lumbar spine and concluded that plaintiff's injury was the result of a chronic degenerative condition that predated the accident. Defendants, however, also submitted the deposition testimony of plaintiff, who testified that he did not sustain any injuries or experience any back pain as a result of a prior motor vehicle accident and had not experienced back pain at any time prior to the subject accident, and defendants' expert radiologist "fail[ed] to account for evidence that plaintiff had no complaints of pain prior to the accident" (Sobieraj v Summers, 137 AD3d 1738, 1739 [4th Dept 2016]; see Thomas v Huh, 115 AD3d 1225, 1226 [4th Dept 2014]).
Moreover, even if defendants met their initial burden on the motion on the issue whether plaintiff's spinal injuries were causally related to the subject accident, we conclude that plaintiff raised a triable issue of fact by submitting the opinions of several other medical professionals, including two chiropractors, a physician who is a spinal specialist, and an orthopedic physician, who concluded that plaintiff's condition is causally related to the accident (see generally [*2]Thomas, 115 AD3d at 1226).
Defendants further contend that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) under the categories of permanent consequential limitation of use and significant limitation of use because the medical assessments of his injuries were based on his subjective complaints. We reject that contention. Even assuming, arguendo, that defendants met their initial burden with respect to that issue, in opposition to the motion plaintiff submitted objective evidence that the range of motion of his lumbar spine was limited in excess of 20% when compared to the normal range of motion (see Grier v Mosey, 148 AD3d 1818, 1819 [4th Dept 2017]), and the conclusions of plaintiff's experts were supported by the chiropractors' observations of plaintiff's muscle spasms during physical examination, and by their clinical observations and plaintiff's various test results (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002]; Pastuszynski v Lofaso, 140 AD3d 1710, 1711 [4th Dept 2016]).
Furthermore, with respect to the 90/180-day category, defendants failed to meet their initial burden on their motion inasmuch as their own submissions, which included the deposition testimony of plaintiff, raise triable issues of fact (see Smith v State Farm Mut. Auto. Ins. Co., 176 AD3d 1608, 1609 [4th Dept 2019]; Hint v Vaughn, 100 AD3d 1519, 1520 [4th Dept 2012]; see generally Limardi v McLeod, 100 AD3d 1375, 1376-1377 [4th Dept 2012]). During depositions conducted in 2018 and 2019, plaintiff testified that, since the accident in 2016, he had not been able to perform any activity that involved sitting for longer than a short period of time or bending over (see Martin v Fitzpatrick, 19 AD3d 954, 957 [3d Dept 2005]). Those activities included cooking, cleaning, driving, and going to the movies, all of which plaintiff did routinely prior to the accident (see Limardi, 100 AD3d at 1377). Thus, plaintiff's testimony raised an issue of fact whether he was prevented from performing his usual and customary activities during the requisite time period (see Hint, 100 AD3d at 1520).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court