Gaughan v Censeo Health, LLC (2022 NY Slip Op 00587)





Gaughan v Censeo Health, LLC


2022 NY Slip Op 00587


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1073 CA 20-01600

[*1]JOHN P. GAUGHAN, PLAINTIFF-RESPONDENT,
v
CENSEO HEALTH, LLC, AND IDA M. CAMPAGNA, DEFENDANTS-APPELLANTS. 






FELDMAN KIEFFER, LLP, BUFFALO (STEPHEN A. MANUELE OF COUNSEL), FOR DEFENDANT-APPELLANT CENSEO HEALTH, LLC.
GOLDBERG SEGALLA LLP, BUFFALO (CHRISTOPHER G. FLOREALE OF COUNSEL), FOR DEFENDANT-APPELLANT IDA M. CAMPAGNA.
MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered November 19, 2020. The order granted the motion of plaintiff for partial summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order granting plaintiff's motion for partial summary judgment on liability, defendants contend that Supreme Court erred in granting the motion because plaintiff failed to meet his initial burden of establishing that he sustained a serious injury proximately caused by the subject motor vehicle accident (see generally Insurance Law § 5102 [d]) and, in any event, defendants raised an issue of fact in that regard. We reject that contention. Plaintiff met his initial burden of establishing that he sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories by submitting the affidavit of his expert, who provided evidence that the range of motion of plaintiff's spine was limited up to 50% when compared to a normal range of motion and that those limitations were permanent (cf. Mutombo v Certified Document Destruction & Recycling, Inc., 193 AD3d 1432, 1433-1434 [4th Dept 2021]; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 [2002], rearg denied 98 NY2d 728 [2002]). In addition, the expert opined that the injuries to plaintiff's spine were caused by the motor vehicle accident inasmuch as a review of plaintiff's medical records revealed that plaintiff had made no similar complaints of pain regarding his spine prior to the accident (cf. Grier v Mosey, 148 AD3d 1818, 1820 [4th Dept 2017]). In opposition, defendants failed to raise an issue of fact through the affidavit of their expert physician, who found similar limitations to plaintiff's range of motion (see Maurer v Colton [appeal No. 3], 180 AD3d 1371, 1373-1374 [4th Dept 2020]; Clark v Boorman, 132 AD3d 1323, 1325 [4th Dept 2015]). Although the defense expert attributed plaintiff's injuries to age-related degeneration, the expert failed to account for the absence of pain in plaintiff's spine prior to the accident. Thus, the expert's opinion "was conclusory and therefore 'insufficient to establish that plaintiff's pain might be . . . unrelated to the accident' " (Ashquabe v McConnell, 46 AD3d 1419, 1419 [4th Dept 2007]).
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court