Panich v Materia (2023 NY Slip Op 01803)

Panich v Materia

2023 NY Slip Op 01803

Decided on April 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-09021
 (Index No. 51673/19)

[*1]Tatiana Panich, et al., appellants, 
v
Angelo Materia, respondent.

Michael N. David, New York, NY (Michael B. Thomas, Jr., of counsel), for appellants.
Kelly, Rode & Kelly, LLP, Mineola, NY (George J. Wilson of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated November 5, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff Tatiana Panich allegedly was injured in a motor vehicle accident while operating a vehicle owned by the plaintiff Oleg Panich. The plaintiffs commenced this action to recover damages for personal injuries Tatiana allegedly sustained in the accident and to recover damages for injury to Oleg's vehicle. The defendant moved for summary judgment dismissing the complaint on the grounds that Tatiana did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident and that Oleg's vehicle was not damaged in the accident. In an order dated November 5, 2020, the Supreme Court granted the motion. The plaintiffs appeal.
The defendant met his prima facie burden of demonstrating that Tatiana did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant demonstrated, prima facie, that Tatiana did not sustain a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiffs raised a triable issue of fact as to whether Tatiana sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208).
Additionally, the defendant failed to establish, prima facie, that Tatiana's injuries were caused by a subsequent accident (see Balducci v Velasquez, 92 AD3d 626, 627; Bozza v O'Neill, 43 AD3d 1094, 1096). Since the defendant failed to establish, prima facie, that Tatiana's [*2]injuries were caused by the subsequent accident, it is unnecessary to determine whether the submissions by the plaintiffs in opposition were sufficient to raise a triable issue of fact in this regard (see Doubleday v Ferdous, 207 AD3d 522, 523; Che Hong Kim v Kossoff, 90 AD3d 969, 969). Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for personal injuries Tatiana allegedly sustained in the accident.
The Supreme Court also erred in granting that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for injury to Oleg's vehicle. The defendant failed to establish, prima facie, that Oleg's vehicle did not sustain any damage as a result of the accident.
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
DILLON, J.P., CHRISTOPHER, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court