Diaz v Nightingale Bakery & Beverage Distrib., Inc. (2025 NY Slip Op 04630)

Diaz v Nightingale Bakery & Beverage Distrib., Inc.

2025 NY Slip Op 04630

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-11933
 (Index No. 521954/21)

[*1]Jason A. Diaz, appellant, 
v
Nightingale Bakery and Beverage Distribution, Inc., et al., respondents.

Ofshtein Law Firm, P.C. (Edelstein & Grossman, New York, NY [Jonathan I. Edelstein], of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated August 16, 2023. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated August 16, 2023, the Supreme Court granted the motion.
The defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d). The plaintiff asserted that he sustained "a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102[d]). The defendants' experts did not specifically relate any of their findings to this category of serious injury for the relevant period of time following the accident (see Marmer v IF USA Express, Inc., 73 AD3d 868, 869; Scinto v Hoyte, 57 AD3d 646, 647). Contrary to the defendants' contention, the transcript of the plaintiff's deposition testimony, which was submitted in support of their motion, was insufficient to meet their burden of proving that the plaintiff had no injury under the 90/180-day category of Insurance Law § 5102(d) (see Scinto v Hoyte, 57 AD3d at 647). Since the defendants failed to establish, prima facie, that the plaintiff did not sustain a serious [*2]injury under the 90/180-day category of Insurance Law § 5102(d) as a result of the accident, it is unnecessary to consider whether the defendants established that the plaintiff did not sustain a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) as a result of the accident (see Curiale v Delfavero, 211 AD3d 905, 906).
The defendants' remaining contention is without merit.
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court