■ ALEKSANDR SHAFER et al., Respondents, v DAVID M. FRIEDMAN, Appellant. [702 NYS2d 875] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (M. Garson, J.), dated January 6, 1999, which denied his motion pursuant to CPLR 306-b and 214 to dismiss the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the current version of CPLR 306-b, which became effective on January 1, 1998 (L 1997, ch 476, § 2), may not be applied retroactively (*see, Matter of Ulster Hgts. Prop. v Assessor of Town of Orangetown,* 261 AD2d 478; *Connor v Deas,* 255 AD2d 287). Bracken, J. P., Santucci, Thompson and S. Miller, JJ., concur.

■ LORETTA SHIFREN et al., Appellants, v DAVID SCHEINER et al., Respondents. [702 NYS2d 377] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Golia, J.), dated February 23, 1999, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Loretta Shifren did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and denied their motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the plaintiffs.

The Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Loretta Shifren did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affidavits of Shifren, her husband, Herman Shifren, and the affirmation of her treating orthopedist, Dr. Irving Spira, created an issue of fact as to whether she sustained a "medically determined injury" (Insurance Law § 5102 [d]) which prevented her from performing substantially all of the material acts constituting her usual and customary daily activities during at least 90 out of the first 180 days following the accident (*see,* Insurance Law § 5102 [d]; *Kaywood v Pumillo,* 264 AD2d 382).

The plaintiffs' motion was time-barred pursuant to CPLR 3212 (a). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.