■ DOMENICA LoCASCIO et al., Respondents, v YIN GEN QUAN, Appellant. [732 NYS2d 909] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Queens County (Milano, J.), dated November 3, 2000, as denied his motion for summary judgment dismissing the complaint on the ground that neither Domenica LoCascio nor Lina LoCascio sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified by deleting the provision thereof denying that branch of the motion which was to dismiss the complaint insofar as asserted by the plaintiffs Lina LoCascio and Salvatore LoCascio and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the complaint is dismissed insofar as asserted by those plaintiffs, and the action insofar as asserted by the remaining plaintiffs is severed.

After the defendant made out a prima facie case for sum-

mary judgment, the plaintiff Lina LoCascio failed to submit a physician's affidavit substantiating the existence of a "medically determined" injury (Insurance Law § 5102 [d]) causing the alleged impairment of her activities (*see, Ryan v Xuda,* 243 AD2d 457). Moreover, in her affidavit, Ms. LoCascio failed to specify the "routine tasks" she could no longer perform as a result of the injury (*see, Krakofsky v Fox-Rizzi,* 273 AD2d 277). Accordingly, there being no issues of fact, summary judgment should be granted to the defendant dismissing the complaint insofar as asserted by Lina LoCascio.

However, the affidavits of the plaintiff Domenica LoCascio and her treating chiropractor as well as a physician's affirmation raised an issue of fact as to whether that plaintiff sustained a "medically determined injury (Insurance Law § 5102 [d]) which prevented her from performing substantially all of the material acts constituting her usual and customary daily activities during at least 90 out of the first 180 days following the accident" (*Shifren v Scheiner,* 269 AD2d 381 [internal quotation marks omitted]). O'Brien, J. P., S. Miller, McGinity, Schmidt and Townes, JJ., concur.