■ KIM MARIE VOLPETTI, Appellant, v YOON KAP et al., Respondents. [814 NYS2d 236]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Johnson, J.), dated March 3, 2005, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, the motions are denied, and the complaint is reinstated.

Contrary to the Supreme Court's determination, the defendants failed on their separate motions to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendant Rothmond Tero's examining orthopedist, whose report was adopted by the defendant Yoon Kap, found that the plaintiff had restrictions in the range of motion of her lumbar spine (*see McDowall v Abreu*, 11 AD3d 590 [2004]; *Cordero v Salazar*, 10 AD3d 380 [2004]). On this finding alone the defendants failed to meet their initial burdens on their separate motions. Moreover, the defendants' motion papers never adequately addressed the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The defendant Rothmond Tero's examining neurologist and orthopedist, whose reports were adopted by the defendant Yoon Kap, conducted their independent examinations of the plaintiff over a year after the accident. Neither expert related their findings to this category of serious injury for the period of time immediately following the accident (*see Sayers v Hot*, 23 AD3d 453 [2005]; *Connors v Center City*, 291 AD2d 476 [2002]). Under these circumstances, it is not necessary to consider whether the plaintiff's papers in opposition to the defendants' separate motions were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.