■ FAUN THAI, Respondent, v MOHAMMAD B. BUTT et al., Appellants. [824 NYS2d 131]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), dated July 13, 2005, as denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

While we affirm the Supreme Court's determination we do so on grounds other than those relied upon by that court. The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). The defendants' examining neurologist and orthopedist opined in their respective affirmed medical reports that the plaintiff's cervical range of motion was "normal" and "full," respectively, yet failed to set forth the objective test or tests performed to support their conclusions (*see Ilardo v New York City Tr. Auth.,* 28 AD3d 610, 611 [2006]; *Kelly v Rehfeld,* 26 AD3d 469, 470 [2006]; *Nembhard v Delatorre,* 16 AD3d 390, 391 [2005]; *Black v Robinson,* 305 AD2d 438, 439 [2003]). On this finding alone the defendants failed to meet their initial prima facie burden. Moreover, the defendants' motion papers did not adequately address the plaintiff's claim, clearly set forth in her verified bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The defendants' examining neurologist and orthopedist conducted their independent examinations of the plaintiff over two years after the subject accident. Neither expert related their findings concerning this category of serious injury for the period of time immediately following the accident (*see Volpetti v Yoon Kap,* 28 AD3d 750, 751 [2006]; *Sayers v Hot,* 23 AD3d 453, 454 [2005]). Under these circumstances, it is not necessary to consider whether the plaintiff's papers submitted in opposition to the defendants' motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Adams, J.P., Krausman, Rivera and Lifson, JJ., concur.