■ Krystal DeVille, Respondent, v Ibrahima S. Barry et al., Appellants. [839 NYS2d 216]—

In an action to recover damages for personal injuries, the defendant Ibrahima S. Barry appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated September 22, 2006, as denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendants Robert Abrahams and Alexandria Reynolds separately appeal, as limited by their brief, from so much of the same order as denied the motion of the defendant Alexandria Reynolds for summary judgment dismissing the complaint insofar as asserted against her on the same ground.

Ordered that the appeal by defendant Robert Abrahams is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

While we affirm the Supreme Court's order, we do so on grounds other than those relied upon by the Supreme Court. The defendants Ibrahima S. Barry and Alexandria Reynolds (hereinafter together the defendants) failed to make a prima facie showing via their separate motions that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Their respective motion papers did not adequately address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The subject accident occurred on August 21, 2004. The plaintiff testified, at her deposition, that she went to work for approximately one week after the subject accident, and then was out of work for four to five months. The defendants' examining orthopedic surgeon and neurologist conducted separate examinations of the plaintiff nearly 20 months after the accident. Those experts noted in their reports that the

plaintiff missed four months from work as a result of the subject accident. Neither physician related his or her medical findings to this category of serious injury for the period of time immediately following the accident (*see Lopez v Geraldino,* 35 AD3d 398 [2006]; *Nakanishi v Sadaqat,* 35 AD3d 416 [2006]; *Faun Thai v Butt,* 34 AD3d 447 [2006]; *Museau v New York City Tr. Auth.,* 34 AD3d 772 [2006]; *Talabi v Diallo,* 32 AD3d 1014 [2006]; *Volpetti v Yoon Kap,* 28 AD3d 750 [2006]; *Sayers v Hot,* 23 AD3d 453 [2005]).

Since the defendants failed to satisfy their prima facie burdens, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Sayers v Hot, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Crane, J.P., Santucci, Florio, Dillon and Balkin, JJ., concur.