■ CHRISTINA KOULOURIS, Respondent, v IMS CAR SERVICE, INC., et al., Appellants, et al., Defendant. [842 NYS2d 470]—

In an action to recover damages for personal injuries, the defendants IMS Car Service, Inc., and Mohammad Salih appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated December 5, 2006, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants IMS Car Service, Inc., and Mohammad Salih (hereinafter the appellants) failed to establish their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The appellants' motion papers did not address the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The accident happened on March 13, 2002 and the plaintiff alleged she was out of work for more than three years, and confined to her home and bed for six months. The appellants' reliance on the affirmed medical report of their examining neurologist, who conducted his examination of the plaintiff four years after the subject accident, was misplaced because he failed to relate his findings for the period of time immediately following the subject accident (see *Faun Thai v Butt*, 34 AD3d 447 [2006]; *Volpetti v Yoon Kap*, 28 AD3d 750, 751 [2006]; *Say-*

*ers v Hot,* 23 AD3d 453, 454 [2005]). Under these circumstances, it is not necessary to consider whether the plaintiff's papers submitted in opposition to the appellants' motion were sufficient to raise a triable issue of fact (*see Faun Thai v Butt, supra; Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Mastro, J.P., Ritter, Skelos, Carni and McCarthy, JJ., concur.