■ VICENTE POMAQUIZA, Respondent, v JULIO R. SIBRI, Appellant. [846 NYS2d 618]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Bunyan, J.), dated November 29, 2006, which denied his motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on grounds other than those relied upon by the Supreme Court. The Supreme Court incorrectly concluded that the defendant made a prima facie showing on his motion that the plaintiff did not

sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendant's motion papers did not adequately address the plaintiff's claim, clearly set forth in his bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident. The subject accident occurred on November 12, 2004. The plaintiff alleged in his supplemental bill of particulars that he was incapacitated for a period of 7¹/₂ months after the subject accident. The defendant's examining orthopedist conducted an examination of the plaintiff almost a year and a half after the accident. He failed to relate his medical findings to this category of serious injury for the period of time immediately following the accident (*see DeVille v Barry*, 41 AD3d 763 [2007]; *Torres v Performance Auto. Group, Inc.*, 36 AD3d 894 [2007]). Since the defendant failed to meet his prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see DeVille v Barry*, 41 AD3d 763 [2007]; *Kouros v Mendez*, 41 AD3d 786 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.