■ SHAWN M. MARSHALL, Respondent, v INSTITUTE FOR COMMUNITY LIVING, INC., et al., Appellants. [856 NYS2d 660]—In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jackson, J.), dated June 11, 2007, which denied their motion for summary judgment dismissing the complaint on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and that they were not at fault in causing the accident.

Ordered that the order is affirmed, with costs.

The plaintiff was struck by a van owned by the defendant Institute for Community Living, Inc., and operated by the defendant Jason Ruben Borrero, as he was crossing Flatbush Avenue outside a crosswalk, a short distance from its intersection with Empire Boulevard. After the plaintiff commenced the present action, the defendants moved for summary judgment dismissing the complaint, both on the grounds that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) and that the accident was not proximately caused by any negligence on their part.

The defendants' motion papers did not adequately address the plaintiff's claim, clearly set forth in his verified bill of particulars, that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for not less than 90 days during the 180 days immediately following the accident. The defendants' examining neurologist and orthopedist con-

ducted their independent examinations of the plaintiff over two years after the subject accident. Neither expert related their findings concerning this category of serious injury for the period of time immediately following the accident (see *Faun Thai v Butt*, 34 AD3d 447 [2006]; *Sayers v Hot*, 23 AD3d 453, 454 [2005]).

Additionally, the evidence submitted by the defendants, including the deposition testimony of the plaintiff and the defendant driver, failed to establish, as a matter of law, that the defendant driver was not operating the van in a negligent manner and that this negligence was not a proximate cause of the subject motor vehicle accident (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Under these circumstances, it is not necessary to consider whether the plaintiff's papers submitted in opposition were sufficient to raise a triable issue of fact as to either of the grounds advanced by the defendants (see *Smalls v AJI Indus., Inc.*, 10 NY3d 733 [2008]). Prudenti, P.J., Fisher, Miller and Balkin, JJ., concur.