LATRECIA SHAW, Appellant, v UMAR JALLOH et al., Respondents. [869 NYS2d 189]—

The Supreme Court erred in granting the defendants' separate motions for summary judgment dismissing the complaint

insofar as asserted against each of them since they each failed to satisfy their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their motions, the defendants relied on the same submissions. The defendants' motion papers never adequately addressed the plaintiff's claim, clearly set forth in her bill of particulars, that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the accident (*see Alexandre v Dweck*, 44 AD3d 597 [2007]; *DeVille v Barry*, 41 AD3d 763 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]). The subject accident happened on November 16, 2005, and the plaintiff alleged that she missed four months of work as a result thereof. The defendants' physicians conducted their examinations of the plaintiff one year after the subject accident. Neither expert related his findings to this category of serious injury for the period of time immediately following the accident, and both noted in their respective reports that the plaintiff was out of work for more than four months as a result of the subject accident.

Since the defendants each failed to satisfy their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff were sufficient to raise a triable issue of fact (*see Alexandre v Dweck*, 44 AD3d 597 [2007]; *DeVille v Barry*, 41 AD3d 763 [2007]; *Sayers v Hot*, 23 AD3d 453 [2005]). Fisher, J.P., Lifson, Covello, Balkin and Belen, JJ., concur.