■ STELLA RASPORSKAYA, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [899 NYS2d 665]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), entered June 29, 2009, as denied that branch of her motion which was for summary judgment on the issue of serious injury.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff demonstrated her entitlement to judgment as a matter of law by establishing, prima facie, that she sustained a serious injury under the 90/180 day category set forth under Insurance Law § 5102 (d) (cf. Shifren v Scheiner, 269 AD2d 381 [2000]). However, in opposition, the defendants raised a triable issue of fact as to whether the plaintiff, who alleged that she sustained, inter alia, an injury to her right shoulder as a result of the subject accident, had a medically-determined injury that prevented her from performing substantially all of the material acts constituting her usual and customary daily activities during at least 90 out of the first 180 days following the subject accident (cf. Knox v Lennihan, 65 AD3d 615, 616 [2009]). The defendants also raised a triable issue of fact as to whether, if the plaintiff did have such an injury, it was sustained in an accident that occurred approximately three months prior to the subject accident, and in which the plaintiff sustained injuries, inter alia, to her right shoulder (cf. Moses v Gelco Corp., 63 AD3d 548, 548-549 [2009]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of serious injury. Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.