■ DENZEL SMILEY, an Infant, by MAUREEN SMILEY, His Mother and Natural Guardian, et al., Respondents, v PAULETTE JOHNSON, Also Known as PAULETTE WILSON, Appellant. [912 NYS2d 672]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated March 11, 2010, which denied her motion for summary judgment dismissing the complaint on the grounds that she was not at fault in the happening of the accident and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The 10-year-old plaintiff (hereinafter the plaintiff) was walking through the parking lot of the Five Towns Shopping Center when a motor vehicle owned and operated by the defendant ran over his right foot, causing him to be thrown to the ground. After issue was joined, the defendant moved for summary judgment dismissing the complaint, on the ground that she did not bear any liability for the happening of the occurrence and that, in any event, the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

With regard to the issue of liability, the evidence submitted by the defendant failed to eliminate all triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) as to whether she was negligent in violating Vehicle and Traffic Law § 1146, which requires the driver of a vehicle to exercise due care to avoid colliding with a pedestrian, and whether such negligence was a proximate cause of the accident. Under these circumstances, it is not necessary to consider the plaintiff's opposition to this branch of the defendant's motion for summary judgment (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]).

While the defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), in opposition, the plaintiffs raised a triable issue of fact, based on the affirmed medical report of Dr. Gideon Hedrych, the plaintiff's treating physician. Dr. Hedrych found significant limitations of motion in the plaintiff's right ankle both on an examination contemporaneous with the accident, and on recent examinations as well (*see Tai Ho Kang v Young Sun Cho*, 74 AD3d 1328 [2010]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.