■ VERONICA LEWIS et al., Respondents, v ANTHONY F. JOHN et al., Appellants, et al., Defendant. [917 NYS2d 575]—

In an action to recover damages for personal injuries, etc., the defendants Anthony F. John and Takis Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated July 30, 2010, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff Veronica Lewis did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants failed to meet their prima facie burden of showing that the plaintiff Veronica Lewis (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiffs adequately set forth a claim in their bill of particulars that the injured plaintiff sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see* Insurance Law § 5102 [d]). Despite this claim, neither the appellants' expert neurologist, Dr. Maria De Jesus, nor their expert orthopedist, Dr. Lisa Nason, who did not examine the injured plaintiff until approximately 1½ years after the accident, related their findings to the 90/180 day category of serious injury (*see Bright v Moussa*, 72 AD3d 859, 860 [2010]; *Menezes v Khan*, 67 AD3d 654, 654-655 [2009]).

Since the appellants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]; *Bright v Moussa*, 72 AD3d at 860; *Menezes v Khan*, 67 AD3d at 654-655). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.