■ Lisa Mugno, Respondent, v Frank Juran, Defendant, and Jose A. Vera et al., Appellants. [917 NYS2d 892]—

In an action to recover damages for personal injuries, the defendants Jose A. Vera and Rodrigo Perez appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kelly, J.), entered July 13, 2010, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers the appellants submitted in support of their motion for summary judgment failed to adequately address the plaintiff's claim, which she clearly set forth in her bill of particulars, that she sustained a medically-determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see* Insurance Law § 5102 [d]; *Bright v Moussa*, 72 AD3d 859, 860 [2010]; *Menezes v Khan*, 67 AD3d 654, 654-655 [2009]).

Despite this claim, neither the appellants' expert neurologist, Dr. Monette Basson, nor their expert orthopedist, Dr. Robert

Israel, who did not examine the plaintiff until more than 3½ years after the accident, related her/his findings to the 90/180 day category of serious injury (*see Menezes v Khan*, 67 AD3d at 654-655). Moreover, although in the bill of particulars the plaintiff alleged serious injury to, inter alia, her left knee, as a result of the accident, the appellants' expert radiologist, Dr. Audrey Eisenstadt, did not review the MRI of the plaintiff's left knee, and their expert neurologist, Dr. Monette Basson, did not examine the plaintiff's left knee (*see Bright v Moussa*, 72 AD3d at 860; *Menezes v Khan*, 67 AD3d at 654-655).

Since the appellants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Linton v Nawaz*, 14 NY3d 821, 822 [2010]; *Bright v Moussa*, 72 AD3d at 860; *Menezes v Khan*, 67 AD3d at 654-655).

Therefore, the Supreme Court properly denied the appellants' motion for summary judgment. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.