■ ALOURDES REFUSE et al., Respondents, v LAWRENCE MAGLOIRE, Appellant. [919 NYS2d 886]—

In an action to recover damages for personal injuries and property damage, the defendant appeals from an order of the Supreme Court, Kings County (Silber, J.), dated July 15, 2010, which granted the plaintiffs' motion for summary judgment on the issue of serious injury.

Ordered that the order is affirmed, with costs.

The plaintiffs demonstrated their entitlement to judgment as a matter of law by establishing, prima facie, that they each sustained a serious injury within the 90/180-day category of serious injury under Insurance Law § 5102 (d) (*see Rasporskaya v New York City Tr. Auth.*, 73 AD3d 727 [2010]; *cf. Gavin v Sati*, 29 AD3d 734, 735 [2006]; *Pierre v Nanton*, 279 AD2d 621, 622 [2001]; *Krakofsky v Fox-Rizzi*, 273 AD2d 277, 278 [2000]; *Shifren v Scheiner*, 269 AD2d 381 [2000]). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiffs, who both alleged that they sustained injuries to, inter alia, the cervical and lumbar regions of their spines, each had a medically-determined injury that prevented them from performing substantially all of the material acts constituting their usual and customary daily activities during not less than 90 days during the first 180 days immediately following the subject accident (*see* Insurance Law § 5102 [d]). In his reports detailing his medical findings from his recent examinations of the plaintiffs, the defendant's expert orthopedic surgeon, Alan J. Zimmerman, failed to relate those findings to the plaintiffs' 90/180-day serious injury claims, which were clearly set forth in the bill of particulars. Thus, the reports were not sufficient to raise a triable issue of fact in opposition to the plaintiffs' prima facie showing (*cf. Lewis v John*, 81 AD3d 904, 905 [2011]; *Mugno v Juran*, 81 AD3d 908 [2011]; *Reynolds v Wai Sang Leung*, 78 AD3d 919, 920 [2010]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the issue of serious injury. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.