■ Nadine Cabey, Appellant, v Luis Leon et al., Respondents. [923 NYS2d 713]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Berliner, J.), dated February 4, 2010, which denied her motion for summary judgment on the issue of serious injury and granted the separate cross motions of the defendant Luis Leon and the defendants Patricia Caseres and Jose Caseres for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting the defendants' separate cross motions for summary judgment dismissing the complaint insofar as asserted against each of them, and substituting therefore a provision denying the cross motions; as so modified, the order is affirmed, without costs or disbursements.

On September 20, 2007, the plaintiff allegedly was injured as a result of a two-vehicle accident that occurred in Rockland County. At the time of the accident, the plaintiff was a passenger in a taxi owned and operated by the defendant Luis Leon. The second vehicle was owned and operated by the defendants

Jose Caseres and Patricia Caseres (hereinafter together the Caseres defendants), respectively.

The plaintiff moved for summary judgment on the threshold issue of serious injury, arguing that as a result of the accident, she was unable to work at her employment for at least 90 of the 180 days immediately following the occurrence (hereinafter the 90/180-day category). The defendants opposed the motion and separately cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

The Supreme Court granted the defendants' respective cross motions for summary judgment and denied the plaintiff's motion for summary judgment. We modify.

The Supreme Court should have denied the defendants' cross motions for summary judgment. The affirmed reports of Dr. René Elkin and Dr. Joseph Laico submitted on behalf of the Caseres defendants, and the affirmed reports of Dr. Laico and Dr. Stephen Fromm submitted on behalf of Leon, did not relate their findings to the 90/180-day category of serious injury alleged in the plaintiff's bill of particulars. Therefore, they failed to establish their prima facie entitlement to judgment as a matter of law (see Lewis v John, 81 AD3d 904 [2011]; Mugno v Juran, 81 AD3d 908 [2011]; Reynolds v Wai Sang Leung, 78 AD3d 919, 920 [2010]).

The Supreme Court properly denied the plaintiff's motion for summary judgment, since she failed to demonstrate, prima facie, her entitlement to judgment as a matter of law on the issue of serious injury under the 90/180-day category (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Elshaarawy v U-Haul Co. of Miss., 72 AD3d 878, 880 [2010]; Ellithorpe v Marion, 34 AD3d 1195, 1197 [2006]). Although the plaintiff demonstrated that she received a disability payment in the sum of $1,616.60 covering the period from September 24, 2007, to January 20, 2008, her deposition testimony, which she submitted in support of her motion, presented a triable issue of fact. Specifically, when she was asked why she did not return to work, the plaintiff responded that she was "let go" from her employment in November of 2007 when her employer closed down. Therefore, the deposition testimony presents a triable issue of fact as to whether the plaintiff's failure to engage in her usual and customary daily activities for not less than 90 of the 180 days immediately following the accident was a result of her physical condition or the employer's closing two months after the occurrence.

The parties' remaining contentions either are without merit

or have been rendered academic by our determination. Dillon, J.P., Covello, Balkin, Lott and Roman, JJ., concur.