■ Stacey Kapeleris, Respondent, v Susan Riordan, Appellant. [933 NYS2d 92]—

As the proponent of a motion for summary judgment, the plaintiff had the burden of making a prima facie showing that she suffered a serious injury pursuant to Insurance Law § 5102 (d) and that the injury was causally related to the accident (*see Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d 878, 881 [2010]; *Autiello v Cummins*, 66 AD3d 1072, 1073 [2009]). The plaintiff satisfied this burden by submitting her own affidavit and the affirmation of her treating neurologist, who reviewed magnetic resonance imaging films taken a few days after the accident and who first examined her about 1¹/₂ months after the accident. This evidence was sufficient to establish that, as a result of the accident, the plaintiff sustained "a medically determined injury" to the lumbar and cervical regions of her spine which prevented her from performing substantially all of her usual and customary daily activities for at least 90 of the first 180 days following the accident (Insurance Law § 5102 [d]; *see Refuse v Magloire*, 83 AD3d 685 [2011]; *Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d at 881; *Rasporskaya v New York City Tr. Auth.*, 73 AD3d 727 [2010]; *Ellithorpe v Marion*, 34 AD3d 1195, 1197 [2006]).

In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff sustained a serious injury within the 90/180-day category of serious injury under Insurance Law § 5102 (d) as a result of the accident. The defendant's radiologist, who did not examine the plaintiff and who based his findings entirely on a review of X rays and CT scans taken about six months after the accident, failed to relate his findings to the plaintiff's serious injury claims under the 90/180-day category for the period of time immediately following the accident, which claims were clearly set forth in the plaintiff's bill of particulars and deposition transcript (*see Refuse v Magloire*, 83 AD3d at 685; *see also Udochi v H & S Car Rental Inc.*, 76 AD3d 1011, 1012 [2010]; *Jensen v Nicmanda Trucking, Inc.*, 47 AD3d 769, 769-770 [2008]; *Bozza v O'Neill*, 43 AD3d 1094, 1096 [2007]; *Volpetti v Yoon Kap*, 28 AD3d 750, 751 [2006]; *cf. Rasporskaya v New York City Tr. Auth.*, 73 AD3d 727 [2010]; *Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d at 881; *DeMarchi v Martinez*, 224 AD2d 651, 651-652 [1996]). Accordingly, the Supreme Court properly, in effect, granted the plaintiff's motion for summary

judgment on the issue of serious injury. Skelos, J.P., Dickerson, Hall, Austin and Miller, JJ., concur.