■ KEN BANGAR, et al., Appellants, v MAN SING WONG, Respondent. [933 NYS2d 568]—

The defendant failed to meet his prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NYd 955, 956-957 [1992]). In their bill of particulars, the plaintiffs alleged that the injured plaintiff had sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary activities for not less than 90 days during the 180 days immediately following the subject accident. However, the defendant failed to show, prima facie, that the injured plaintiff did not sustain such an injury. In support of his motion, the defendant submitted the injured plaintiff's deposition testimony, which indicated that the injured plaintiff missed work for the first 110 days after the subject accident (*see Takaroff v A.M. USA, Inc.*, 63 AD3d 1142, 1143 [2009]; *Shaw v Jalloh*, 57 AD3d 647, 648 [2008]; *Ali v Rivera*, 52 AD3d 445, 446 [2008]; *DeVille v Barry*, 41 AD3d 763 [2007]). Moreover, the defendant's orthopedist, who examined the injured plaintiff more than 14 months after the accident, did not relate any of his findings to the period of time immediately following the accident (*see Cabey v Leon*, 84 AD3d 1295, 1296 [2011]; *Mugno v Juran*, 81 AD3d 908, 909 [2011]; *Lewis v John*, 81 AD3d 904, 905 [2011]; *Takaroff v A.M. USA, Inc.*, 63 AD3d at 1143; *Shaw v Jalloh*, 57 AD3d at 648; *DeVille v Barry*, 41 AD3d at 763-764). Since the defendant did not sustain his prima facie burden on his motion, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Mugno v Juran*, 81 AD3d at 909; *Galofaro v Wylie*, 78 AD3d 652, 653 [2010]). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur.