■ Ovide Aujour, Appellant, v Sarwon Singh, Respondent. [934 NYS2d 240]—

The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-657 [1992]). In her bill of particulars, the plaintiff alleged that she had sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary activities for not less than 90 days during the 180 days immediately following the subject accident. However, the defendant failed to show, prima facie, that the plaintiff did not sustain such an injury. In support of his motion, the defendant submitted the plaintiff's deposition testimony, which indicated that, for 120 days following the subject accident, she was confined to her home and did not go to work (*see Takaroff v A.M. USA, Inc.*, 63

AD3d 1142, 1143 [2009]; *Shaw v Jalloh*, 57 AD3d 647, 648 [2008]; *Ali v Rivera*, 52 AD3d 445, 446 [2008]; *DeVille v Barry*, 41 AD3d 763 [2007]). Moreover, the defendant's orthopedist, who examined the plaintiff more than 16 months after the accident, did not relate any of his findings to the period of time immediately following the accident (*see Cabey v Leon*, 84 AD3d 1295, 1296 [2011]; *Mugno v Juran*, 81 AD3d 908, 909 [2011]; *Lewis v John*, 81 AD3d 904, 905 [2011]; *Takaroff v A.M. USA, Inc.*, 63 AD3d at 1143; *Shaw v Jalloh*, 57 AD3d at 648; *DeVille v Barry*, 41 AD3d at 763-764). Since the defendant did not sustain his prima facie burden on his motion, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Mugno v Juran*, 81 AD3d at 909; *Galofaro v Wylie*, 78 AD3d 652, 653 [2010]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the compliant. Rivera, J.P., Angiolillo, Eng, Chambers and Sgroi, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31387(U).]**