■ JENNIFER REA et al., Respondents, v BARBARA BONO et al., Appellants, et al., Defendant. [942 NYS2d 646]—

In an action to recover damages for personal injuries, etc., the defendants Barbara Bono and John Bono appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered June 14, 2011, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Jennifer Rea (hereinafter the injured plaintiff), a pedestrian, was struck by a vehicle operated by the defendant Barbara Bono (hereinafter the defendant driver) and allegedly owned by the defendant driver and the defendant John Bono (hereinafter together the defendants) after she emerged from between two parked vehicles on Park Avenue in Long Beach. The westbound lanes and the eastbound lanes of traffic on Park Avenue in the area of the accident site were separated by an area where vehicles were permitted to park. There was one row of parking spaces on either side of this area. The two rows of parking spaces were separated by sufficient distance for one vehicle to traverse in a westerly direction. The defendant driver pulled out of her parking space and was traveling in a westerly direction when the accident occurred. As a result of the accident, the injured plaintiff allegedly fractured her ribs and her left ankle, and the passenger-side windshield of the defendants' vehicle was shattered.

The evidence submitted by the defendants, including the deposition testimony of the injured plaintiff and the defendant driver, did not establish as a matter of law that the defendant driver was not operating the vehicle in a negligent manner or that any such negligence was not a proximate cause of the accident (*see Smiley v Johnson,* 79 AD3d 850, 851 [2010]; *Marshall v Institute for Community Living, Inc.,* 50 AD3d 975, 976 [2008]; *Charles v Ball,* 291 AD2d 367, 367-368 [2002]; *see also Ledbetter v Johnson,* 27 AD3d 698 [2006]). The defendants' failure to make such a prima facie showing required the denial of their motion, regardless of the sufficiency of the plaintiffs' opposing papers (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Angiolillo, J.P., Belen, Lott and Miller, JJ., concur.