In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), dated June 29, 2011, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).
Ordered that the order is affirmed, without costs or disbursements.
We affirm the order denying the defendants’ motion for summary judgment dismissing the complaint, but do so on a ground different from that relied upon by the Supreme Court.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within *1040 the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants failed to adequately address the plaintiffs claim that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his ususal and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Aujour v Singh, 90 AD3d 686, 686-687 [2011]; Bangar v Man Sing Wong, 89 AD3d 1048, 1049 [2011]).
Accordingly, the defendants’ motion for summary judgment dismissing the complaint was properly denied, without regard to the sufficiency of the papers submitted by the plaintiff in opposition (see Aujour v Singh, 90 AD3d at 687; Bangar v Man Sing Wong, 89 AD3d at 1049). Rivera, J.P., Eng, Chambers, Sgroi and Miller, JJ., concur.