While we affirm the order appealed from, we do so on a ground different from that relied upon by the Supreme Court. The defendants Amara Trucking Corp. and Michael J. Spedaleri (hereinafter together the appellants) failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The appellants’ motion papers failed to adequately address the plaintiff’s claim that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his ususal and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Aujour v Singh, 90 AD3d 686, 686-687 [2011]; Bangar v Man Sing Wong, 89 AD3d 1048, 1049 [2011]).
*799 Since the appellants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Aujour v Singh, 90 AD3d at 687; Bangar v Man Sing Wong, 89 AD3d at 1049).
Accordingly, the appellants’ motion for summary judgment dismissing the complaint insofar as asserted against them was properly denied. Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.