■ ROSEMARIE QADER et al., Appellants, v NATANEL BABAYEV et al., Respondents. [950 NYS2d 590]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), entered July 15, 2011, as granted the motion of the defendants Natanel Babayev and Keap St. Taxi, Inc., and that branch of the motion of the defendants Baljit Singh and Joe & Mike Taxi, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants Natanel Babayev and Keap St. Taxi, Inc., and the defendants Baljit Singh and Joe & Mike Taxi, Inc., respectively, and the motion of the defendants Natanel Babayev and Keap St. Taxi, Inc., and that branch of the motion of the defendants Baljit Singh and Joe & Mike Taxi, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, are denied.

The plaintiffs' contention that the defendants' respective motions were procedurally defective because they lacked an affidavit of merit by someone with personal knowledge of the facts is without merit (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). The plaintiffs' remaining contentions as to the procedural propriety of the defendants' motions are not properly before this Court.

However, we agree with the plaintiffs' contention that the defendants failed to meet their respective prima facie burdens of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants failed to adequately address the plaintiffs' claims that they each sustained a medically-determined injury or impairment of a nonpermanent nature which prevented them from performing substantially all of the material acts which constituted their usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Aujour v Singh, 90 AD3d 686, 686-687 [2011]; Bangar v Man Sing Wong, 89 AD3d 1048, 1049 [2011]).

Accordingly, the Supreme Court should have denied the mo-

tion of the defendants Natanel Babayev and Keap St. Taxi, Inc., and that branch of the motion of the defendants Baljit Singh and Joe & Mike Taxi, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), without regard to the sufficiency of the papers submitted by the plaintiffs in opposition (*see Aujour v Singh*, 90 AD3d at 687; *Bangar v Man Sing Wong*, 89 AD3d at 1049). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.