In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 10, 2012, which denied their motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The evidence submitted by the defendants, including the deposition testimony of the injured plaintiff and the defendant driver, failed to establish, as a matter of law, that the defendant driver was not operating his vehicle in a negligent manner or that his negligence, if any, was not a proximate cause of the subject motor vehicle accident (see Smiley v Johnson, 79 AD3d 850, 851 [2010]; Marshall v Institute for Community Living, Inc., 50 AD3d 975, 976 [2008]).
Moreover, the defendants failed to satisfy their prima facie burden of demonstrating that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]). As the Supreme Court correctly determined, the defendants’ motion papers failed to adequately address the plaintiffs’ claim, clearly set forth in the amended bill of particulars, that the injured plaintiff sustained neurological/radicular injuries (see Bove v Zanelli, 102 AD3d 644 [2013]). Additionally, the defendants failed to adequately address the plaintiffs’ claim, clearly set forth in the bill of particulars, that the injured plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary *886 daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Saldarriaga v Moreno, 101 AD3d 981 [2012]; Cruz v Advanced Concrete Leasing Corp., 101 AD3d 666 [2012]; Aujour v Singh, 90 AD3d 686, 686 [2011]).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see generally Stukas v Streiter, 83 AD3d 18, 24 [2011]).
Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint. Skelos, J.P., Angiolillo, Roman and Hinds-Radix, JJ., concur.