In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Ianacci, J.), entered January 10, 2013, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with costs.
The Supreme Court denied the defendants’ motion for summary judgment on the ground that the defendants failed to address the plaintiff’s claim that she sustained a serious injury under the 90/180 category of Insurance Law § 5102 (d). The defendants, however, submitted a transcript of the plaintiffs deposition testimony, which established that the plaintiff did not *683 miss any time from work as a result of the subject motor vehicle accident (see Beltran v Powow Limo, Inc., 98 AD3d 1070, 1071 [2012]; Jean v Labin-Natochenny, 77 AD3d 623, 624 [2010]). Accordingly, the Supreme Court should not have denied the defendants’ motion on that ground. We affirm, however, on a different ground.
One of the defendants’ examining physicians found a significant limitation in the range of motion in the extension of the cervical region of the plaintiffs spine. That physician’s opinion that the injury to the cervical region of the plaintiffs spine was not a result of the subject motor vehicle accident was entirely conclusory (see Landman v Sarcona, 63 AD3d 690, 691 [2009]; Powell v Prego, 59 AD3d 417, 419 [2009]). Accordingly, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).
Inasmuch as the defendants failed to satisfy their prima facie burden, the denial of their motion was required, regardless of the sufficiency of the plaintiffs opposition papers (see Qader v Babayev, 98 AD3d 1013, 1014-1015 [2012]). Mastro, J.E, Balkin, Sgroi and Hinds-Radix, JJ., concur.