Heard v Schade (2019 NY Slip Op 04146)





Heard v Schade


2019 NY Slip Op 04146


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-02414
 (Index No. 608642/16)

[*1]Gloria Heard, appellant,
v
Robert Schade, et al., respondents.


Harry I. Katz, P.C. (Shayne, Dachs, Sauer & Dachs, LLP, Mineola, NY [Jonathan A. Dachs], of counsel), for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), entered January 11, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
On June 8, 2016, the right front wheel of the defendants' vehicle allegedly ran over the plaintiff's right foot and caused her to fall. The plaintiff testified at a General Municipal Law § 50-h hearing that just prior to the incident, the defendants' vehicle was in a parked position outside of a designated parking spot within a parking lot in Nassau County. The plaintiff subsequently commenced this personal injury action against the defendants. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court denied the motion on the ground that the plaintiff had failed to establish, prima facie, that she was not comparatively at fault in causing the accident. The plaintiff appeals.
"[T]o be entitled to summary judgment on the issue of liability, a plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Edgerton v City of New York, 160 AD3d 809, 811; see Rodriguez v City of New York, 31 NY3d 312; Merino v Tessel, 166 AD3d 760; Kraynova v Lowy, 166 AD3d 600, 602; Poon v Nisanov, 162 AD3d 804, 807). Here, in support of her motion, the plaintiff submitted an affidavit, her General Municipal Law § 50-h hearing testimony, and her deposition testimony, which established, prima facie, that the defendant driver was negligent in running over the plaintiff's foot with the defendants' vehicle (see Vehicle and Traffic Law §§ 1146[a]; 1162; see generally Smiley v Johnson, 79 AD3d 850, 851). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the plaintiff's motion for summary judgment on the issue of liability should have been granted.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court