Dembowski v Morris (2020 NY Slip Op 03399)





Dembowski v Morris


2020 NY Slip Op 03399


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-06463
 (Index No. 601394/15)

[*1]Sheryl Dembowski, respondent, 
v
Bentley Morris, et al., appellants.


Sobel Pevzner, LLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellants.
Cannon & Acosta, LLP, Huntington Station, NY (June Redeker and Duffy & Duffy, PLLC [John S. Kanzler], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered May 22, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment in her favor on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when her vehicle was struck in the rear by a vehicle driven by the defendant Bentley Morris and owned by the defendant Leros Point to Point, Inc., sued herein as Leros Point to Point. The plaintiff subsequently moved, inter alia, for summary judgment in her favor on the issue of whether she sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. By order entered May 22, 2017, the Supreme Court, among other things, granted that branch of the plaintiff's motion, concluding that the plaintiff established, as a matter of law, that she suffered a serious injury under the 90/180-day category of Insurance Law § 5102(d). The defendants appeal.
We agree with the Supreme Court's determination. "As the proponent of the summary judgment motion, the plaintiff had the burden of making a prima facie showing that [s]he suffered a serious injury pursuant to Insurance Law § 5102(d), and that [her] injury was causally related to the accident" (Elshaarawy v U-Haul Co. of Miss., 72 AD3d 878, 881). Here, the plaintiff satisfied this burden by submitting the affirmed reports of examining physicians as well as a transcript of her own deposition testimony, which established that, as a result of the accident, she had sustained "a medically determined injury or impairment of a nonpermanent nature," which prevented her from performing substantially all of her usual and customary daily activities, including working at her then current place of employment, for at least 90 of the first 180 days following the accident (Insurance Law § 5102[d]; see Kapeleris v Riordan, 89 AD3d 903, 904).
In opposition, the defendants failed to raise a triable issue of fact. The defendants' [*2]examining neurologist failed to relate his findings to the 90/180-day category of serious injury, including failing to provide any opinion as to whether the plaintiff's limitations during at least 90 of the first 180 days after the accident were related to the nonpermanent injuries he acknowledged she sustained in the accident (see Kapeleris v Riordan, 89 AD3d at 904; see also Strilcic v Paroly, 75 AD3d 542, 543; Encarnacion v Smith, 70 AD3d 628, 629).
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court